Filed 8/29/14  Marcisz v. Ultrastar Cinemas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| LINDSAY MARCISZ et al., | D063902 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. GIC820896) |
| ULTRASTAR CINEMAS, | |
| Defendant and Respondent; | |
| ROBIN A. KAY, as Personal Representative, etc., | |
| Movant and Appellant; | |
| JOHN W. DALTON et al., | |
| Movants and Respondents. | |

APPEAL from an order of the Superior Court of San Diego County, William S. Dato, Judge.  Affirmed.

Murphy, Pearson, Bradley & Feeney, Thomas J. D'Amato, Simone S. McCormick, and David J. Gibson for Movant and Appellant.

No appearance for Defendant and Respondent.

Law Offices of Jason L. Oliver, Jason L. Oliver; Law Offices of John W. Dalton and John W. Dalton for Plaintiffs and Respondents and for Movants and Respondents.

Attorneys John W. Dalton and Jason L. Oliver (together Dalton/Oliver) and Philip E. Kay represented four plaintiffs in this sexual harassment case against defendant, their former employer and two managers. A jury found in favor of plaintiffs. Plaintiffs later appealed the ruling on defendant's new trial motion. We resolved the appeal and remanded the matter to the trial court for further proceedings. (*Marcisz v. Movie Theatre Entertainment Group, Inc.* (May 30, 2008, D047009) [nonpub. opn.].) The trial court granted the separate motions of Kay and Dalton/Oliver for an award of attorney fees and costs. At issue in this appeal is a nunc pro tunc order (the Order) directing that the fees and costs awarded to Dalton/Oliver be paid by defendant directly to Dalton/Oliver.

Robin A. Kay, the personal representative of the estate of attorney Philip E. Kay (the Estate) appeals from the Order. We reject the Estate's assertions and affirm the Order.

FACTUAL AND PROCEDURAL BACKGROUND

Before the trial court entered the judgments, Kay filed a notice of lien stating that under his contract with plaintiffs, he "has a lien on a portion of any and all awards, judgments, settlement proceeds, attorney's fees and/or costs awarded or to be paid in this case" by defendant or any other source. After we remanded this matter, Kay moved to withdraw as counsel for plaintiffs based on a conflict with Dalton/Oliver and a breakdown of the attorney-client relationship. The trial court granted the motion, noting

2

that Kay had been suspended from the practice of law.  Dalton/Oliver remained as counsel for plaintiffs.

Kay and Dalton/Oliver filed separate motions seeking an award of attorney fees under the California Fair Employment and Housing Act (Gov. Code, § 12940 et seq.; FEHA).  Kay later suffered a cardiac arrest and passed away.  The Estate sought to continue the hearing on Dalton/Oliver's motion, stating that its fee agreement contained "certain terms respecting the division of fees between" plaintiffs, Kay and Dalton/Oliver.  The Estate claimed it had a "financial interest" in Dalton/Oliver's fee motion and requested that the trial court review the fee agreement in camera or hear argument regarding limited waiver of the attorney-client privilege.  The trial court denied the Estate's request, but invited it to the hearing on the Dalton/Oliver motion to explain its position.

In September 2012, the trial court granted Dalton/Oliver's motion for an award of attorney fees and costs.  The court's order stated that its ruling was limited to Dalton/Oliver's fee request and that Kay's fee request would be addressed at a later date.  At the hearing on the motion, the Estate explained it had a contractual interest in any fee award to Dalton/Oliver.  The trial court sidestepped the issue, stating any contract between Kay and Dalton/Oliver did not impact its ability to award fees under FEHA and the Estate could pursue its contractual rights against Dalton/Oliver in a separate action.  Dalton/Oliver asked the court to order that defendant pay the fees awarded directly to them.  Dalton/Oliver envisioned the court could enter such an order that day or, alternatively, Dalton/Oliver could make a supplemental motion for a nunc pro tunc

3

modification of the court's ruling. The court acknowledged this was an "open issue" that it needed to decide and specifically inquired whether any other language needed to be added to make the order "final" so that Dalton/Oliver could take whatever action to enforce the fee award. The court then set a time frame for Dalton/Oliver to make the request and asked the Estate for something explaining why it should not enter such an order.

Based on these discussions, Dalton/Oliver submitted a proposed nunc pro tunc order directing that the fees and costs awarded to Dalton/Oliver be paid by defendant directly to Dalton/Oliver. Among other things, the Estate objected to the proposed order arguing the trial court lacked jurisdiction to order direct payment of the fees to Dalton/Oliver because the order amounted to an improper adjudication of the Estate's contractual rights under the fee agreements between Kay, Dalton/Oliver and plaintiffs. The Estate argued that if the court adopted the proposed order, it would be "adjudicating the rights of the attorneys under the fee agreements." The trial court later entered the requested Order directing that the fees and costs awarded to Dalton/Oliver be paid by defendant directly to Dalton/Oliver.

The trial court subsequently granted Kay's motion for an award of fees and costs under FEHA. The Estate asserts it has since filed a lawsuit in San Francisco Superior Court against Dalton/Oliver and plaintiffs stemming from Dalton/Oliver's demand for direct payment of their fees, claiming this deprived the Estate of about $2,000,000 in attorney fees. The Estate timely appealed from the Order.

4

DISCUSSION

As a preliminary matter, the narrow issue before us is the propriety of the Order directing that the fees and costs awarded to Dalton/Oliver be paid by defendant directly to Dalton/Oliver. The Estate argues that nunc pro tunc orders are used to correct clerical or ministerial errors not substantive errors or omissions and that the trial court lacked jurisdiction to issue the order because it made a substantive change to the Dalton/Oliver fee motion order.

"'The function of a nunc pro tunc order is merely to correct the record of the judgment and not to alter the judgment actually rendered—not to make an order now for then, but to enter now for then an order previously made.'" (*Estate of Eckstrom* (1960) 54 Cal.2d 540, 544, italics omitted.) The *Eckstrom's Estate* court explained that "[a] court can always correct a clerical, as distinguished from a judicial error which appears on the face of a decree by a nunc pro tunc order. [Citations.] It cannot, however, change an order which has become final even though made in error, if in fact the order made was that intended to be made." (*Ibid.*, italics omitted.)

The record shows that when the trial court issued the Order, it had not yet issued a "final" order on Dalton/Oliver's fee request and was merely adding language to its prior fee order to address an issue that had not yet been resolved. The court had jurisdiction to add this language as it had not yet issued a final order on the fee request. If there was error, it was calling the Order a "nunc pro tunc" order, rather than the final ruling on Dalton/Oliver's fee request.

5

The Estate next asserts the trial court acted in excess of its jurisdiction because the Order interfered with a contractual dispute between it and Dalton/Oliver. We reject this assertion as the trial court refused to look at the fee agreement and made it abundantly clear that it was not deciding any contractual dispute as this issue should be decided in a different action. Because the merits of the contractual dispute were not before the trial court, we reject the Estate's argument that the trial court abused its discretion when it granted the Order without first reviewing the fee agreement. For the same reason, we need not address the Estate's argument that the trial court erred when it granted the Order because Dalton/Oliver presented no authority showing direct payment to them was proper where, as here, the fee agreement contained a provision addressing fee splitting.

As argued by the parties, we recognize that fees awarded under FEHA and fees potentially recoverable under a contingency fee agreement are different. The Estate's primary concern in this appeal appears to be that in issuing the Order, the trial court decided the Estate's purported contractual right to a portion of Dalton/Oliver's FEHA fees. It did not. The trial court declined to decide this issue, which is apparently now the subject of a separate action.

Finally, the Estate contends that by seeking direct payment, Dalton/Oliver pursued an act adverse to plaintiffs and defendant; thus, Dalton/Oliver was required to seek intervention under Code of Civil Procedure section 387. Accordingly, the Estate asserts Dalton/Oliver lacked standing to take action detrimental to plaintiffs without seeking intervention and its failure to do so renders the Order void. "'"[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal

6

which could have been but were not presented to the trial court." . . . "Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived." ' " (*Bank of America, N.A. v. Roberts* (2013) 217 Cal.App.4th 1386, 1398-1399.)  Because the Estate did not raise this issue in the trial court, it has forfeited its right to assert the claim on appeal.  Moreover, even if we exercised our discretion to consider the argument, the current record does not support the Estate's conclusion that the actions of Dalton/Oliver were adverse to plaintiffs and defendant.

Dalton/Oliver make a number of arguments in their respondents' brief addressing the propriety of this appeal or whether the Estate can permissibly claim a portion of the FEHA fees awarded directly to Dalton/Oliver.  We decline to address these issues as they are not relevant given our resolution of this appeal.

### DISPOSITION

The order is affirmed.  Respondents are awarded their costs on appeal.


MCINTYRE, J.

WE CONCUR:

MCCONNELL, P. J.

BENKE, J.

7